**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher F. Castillo, | No. CV 11-712-PHX-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Christopher F. Castillo, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Webster to answer the Complaint and will dismiss the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.88. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

**III.   Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections Director Charles L. Ryan; Complex Warden Carson McWilliams; and Correctional Officers II Webster, Bravo, Regan, and Hetricks.

Plaintiff raises one ground for relief in the Complaint in which he alleges that his Eighth Amendment rights were violated when Defendant Webster used excessive force against him.  Plaintiff alleges that after he had a brief verbal confrontation with Defendant Webster, Defendants Webster and Bravo returned to Plaintiff's cell some time later and instructed Plaintiff to "cuff up" for a cell search.  Plaintiff states that he complied and cuffed up and that he was standing with his back to the door, "not acting in an aggressive manner," when his door opened.

Plaintiff states that after the door was opened, he was grabbed by the neck and head, slammed into the wall, and was then punched and kicked repeatedly by Defendant Webster. Plaintiff states that Defendant Webster also repeatedly slammed Plaintiff's head on the bed and wall and that Plaintiff lost consciousness.  Plaintiff states that when he awoke, Defendant Webster was stomping on his head and that Defendant Bravo said "that's enough" and pulled Defendant Webster off Plaintiff.  Defendant Webster then rushed back and kicked Plaintiff again, and Defendant Bravo again pulled Defendant Webster off Plaintiff and blocked Defendant Webster from re-entering Plaintiffs cell.

Defendant states that Defendant Regan was in the control room and saw the incident. Plaintiff further alleges that after the altercation, Defendant Hetricks cuffed Plaintiff and took him to medical.

Plaintiff states that he suffered a concussion, sprained wrist, chipped tooth, and impaired vision in his left eye.  Plaintiff seeks money damages.

**IV.   Failure to State a Claim**

    **A.   Defendants Ryan and McWilliams**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
2  (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
3  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
4  does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
5  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
6  880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
7  and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
8  official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.
9      Plaintiff has not alleged that Defendants Ryan or McWilliams personally participated
10 in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to
11 act, or formed policies that resulted in Plaintiff's injuries. The Court will therefore dismiss
12 without prejudice Defendants Ryan and McWilliams.

### B.     Defendants Bravo, Regan, and Hetricks

14     Prison officials have a duty to take reasonable steps to protect inmates from physical
15 abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). In other words, "a prison
16 official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins
17 v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim for failure to intervene,
18 Plaintiff must allege that Defendants Bravo, Regan, and Hetricks knew that excessive force
19 was being used and that they were in a position to stop the use of excessive force.

20     Plaintiff alleges that Defendant Bravo ended the altercation by pulling Defendant
21 Webster away from Plaintiff and then physically blocked Defendant Webster from re-
22 entering Plaintiff's cell. These allegations show that Defendant Bravo intervened in the
23 alleged abuse. Plaintiff has not alleged facts demonstrating that Defendant Bravo could have
24 intervened earlier but failed to do so.

25     With respect to Defendants Regan and Hetricks, Plaintiff has alleged only that
26 Defendant Regan was in the control room and witnessed the incident and that Defendant
27 Hetricks arrived after the incident and escorted Plaintiff to medical. These facts do not
28 demonstrate that Defendants Regan or Hetricks were in a position to stop the use of excessive

1  force.

2  Plaintiff has failed to state a claim against Defendants Bravo, Regan, and Hetricks,
3  and the Court will dismiss these Defendants.

4  **V.    Claims for Which an Answer Will be Required**

5  Liberally construed, Plaintiff's allegations against Defendant Webster adequately state
6  an Eighth Amendment excessive force claim. The Court will require Defendant Webster to
7  answer the Complaint.

8  **VI.   Motion to Appoint Counsel**

9  There is no constitutional right to the appointment of counsel in a civil case. See Ivey
10 v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In
11 proceedings *in forma pauperis*, the court may request an attorney to represent any person
12 unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C.
13 § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v.
14 Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional
15 circumstances requires an evaluation of the likelihood of success on the merits as well as the
16 ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue
17 involved. Id. "Neither of these factors is dispositive and both must be viewed together
18 before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
19 Cir. 1986)).

20 Having considered both elements, it does not appear at this time that exceptional
21 circumstances are present that would require the appointment of counsel in this case.
22 Plaintiff is in no different position than many *pro se* prisoner litigants. The Court will
23 therefore deny without prejudice Plaintiff's Motion for Appointment of Counsel.

24 **VII.  Warnings**

25     **A.    Release**

26 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
27 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
28 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

1  in dismissal of this action.

2  **B.    Address Changes**

3  Plaintiff must file and serve a notice of a change of address in accordance with Rule
4  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
5  relief with a notice of change of address. Failure to comply may result in dismissal of this
6  action.

7  **C.    Copies**

8  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
9  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
10 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
11 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
12 may result in the filing being stricken without further notice to Plaintiff.

13 **D.    Possible Dismissal**

14 If Plaintiff fails to timely comply with every provision of this Order, including these
15 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
16 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
17 comply with any order of the Court).

18 **IT IS ORDERED:**

19 (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

20 (2)    As required by the accompanying Order to the appropriate government agency,
21 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.88.

22 (3)    Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied** without prejudice.

23 (4)    Defendants Ryan, McWilliams, Bravo, Regan, and Hetricks are **dismissed**
24 without prejudice.

25 (5)    Defendant Webster must answer the Complaint.

26 (6)    The Clerk of Court must send Plaintiff a service packet including the
27 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for
28 Defendant Webster.

1    (7)  Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

     (8)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

     (9)  The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

     (10) The United States Marshal must notify Defendant Webster of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge